UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA DE LOS ANGELES MARTINEZ-BONILLA,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

No.  1:26-cv-03334-DAD-JDP (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 7, 9)

Petitioner Maria De Los Angeles Martinez-Bonilla is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 14, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted.  (Doc. No. 7.)  Specifically, the magistrate judge found that petitioner's detention was not lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  (*Id.* at 2–6.)  Accordingly, the magistrate judge concluded that petitioner was entitled to immediate release in the absence of any argument by respondents that a bond hearing was the appropriate remedy.  (*Id.* at 6–7.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto

1

were to be filed within seven (7) days after service. (*Id.* at 7.) On May 18, 2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 8.)

Respondents' objections first state that they object for the same reasons set forth in their previous briefing. (*Id.* at 1.) These objections do not provide a basis upon which to reject the pending findings and recommendations. Respondents then argue that the appropriate relief is a bond hearing because petitioner's detention in accordance with 8 U.S.C. § 1226(a) was not pretextual in light of her arrest for an offense of driving under the influence. (*Id.* at 1–2.) However, this argument was considered by the magistrate judge in the pending findings and recommendations and rejected for two reasons. (Doc. Nos. 5 at 2–3; 7 at 6.) First, the magistrate judge noted that respondents failed to argue that petitioner could constitute a danger or a risk of flight. (Doc. No. 7 at 6.) In this regard, respondents' argument in their objections appears to be a new argument, which the court has discretion to decline to consider. *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (discussing the district judge's discretion to decline to consider new arguments raised in objections to findings and recommendations). Respondents could have raised this argument in their initial briefing and are a sophisticated party. Accordingly, considering this new argument would impermissibly "encourage sandbagging." *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) ("It would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.") (cleaned up) (quoting *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

Second, even if the court considered respondents' objection on the merits, the magistrate judge found that respondents' unilateral determination that petitioner is subject to mandatory detention under § 1225(b)(2)(A) has subjected her to unlawful detention without a bond hearing for multiple months. (Doc. No. 7 at 6.) The magistrate judge then concluded that this violation of petitioner's procedural due process rights rendered the remedy of a bond hearing constitutionally insufficient. (*Id.*) Respondents' objections do not provide a basis on which to reject this analysis. Similarly, respondents' opposition to petitioner's May 22, 2026 motion for temporary restraining order (Doc. No. 9) reiterated the argument made in respondents' objections

that petitioner's arrest renders her a danger to the community, but fails to rebut or even address the magistrate judge's considered and well-reasoned analysis that the delay in providing a bond hearing renders immediate release the only appropriate remedy in this case.  (Doc. No. 11 at 1–2.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.    The findings and recommendations issued on April 20, 2026 (Doc. No. 7) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Maria De Los Angeles Martinez-Bonilla, A-File No. 221-370-664, on the conditions, if any, she was released on prior to her re-detention;

    b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

3.    Petitioner's motion for temporary restraining order (Doc. No. 9) is DENIED as having been rendered moot by this order granting her habeas petition on the merits;

4.    The Clerk of the Court is directed to serve a copy of this order on California City Detention Facility; and

/////

/////

/////

/////

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE